No. 2744

Second Circuit

BERRY v. LOFTON

(April 10, 1930. Opinion and Decree.)

J. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellee.

DREW, J. This case was tried in the lower court and a judgment rendered, in whose favor we are unable to say. An appeal was taken to this court. The record was not complete when sent to this court, as the evidence was not included in the record. This matter undoubtedly having come to the knowledge of the attorneys for the appellee, they withdrew the record

and returned it to the Clerk of Court of Natchitoches parish, Louisiana, for the evidence to be transcribed and placed in the record. The record has never been returned to this court, and there has been filed in this court a certificate of the Deputy Clerk and Court Reporter of Natchitoches parish, which reads as follows:

"This is to certify that I am the Deputy Clerk of the District Court, in and for the parish and state above written, that I am the custodian of the records of the court, and the official Court Reporter of the 10th Judicial District Court. That Judge W. T. Cunningham gave me the record in the case of W. A. Berry vs. W. N. Lofton for the purpose of having the transcribed testimony inserted therein, that I distinctly remember transcribing the testimony, as shown by my note books, and my recollection is that I returned the said record to Judge W. T. Cunningham. I have made a diligent search through all records and files in my office, and I am unable to locate the record above referred to, and do not know where the same now is.

"Witness my hand and the impress of my official seal this March 22nd, 1930.
"A. H. O'QUINN,
"Deputy Clerk, 10th D. C. La.
"Court Reporter, 10th D. C. La."

The attorneys for both plaintiff and defendant deny having any knowledge of the whereabouts of the record.

It is clear that the entire record has been lost, through whose fault we are unable to determine. We therefore feel justified in setting aside the judgment of the lower court and remanding the case to be tried in accordance with law.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be set aside and the case remanded to the lower court to be tried according to law.

Costs to abide the final decision in the case.